**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL FACCIO, CHASTITY FACCIO,**
**D.F.,** and **A.F.,**

                **Plaintiffs,**           **1:10-cv-698**
                                                    **(GLS/RFT)**

       **v.**

**WARREN COUNTY DEPARTMENT OF**
**SOCIAL SERVICES, KEVIN WI**
**CONINE, T. DISHONG,** and **WARREN**
**COUNTY SHERIFF'S OFFICE,**

                **Defendants.**
_____

**DANIEL FACCIO, CHASTITY FACCIO,**
**D.F.,** and **A.F.,**

                **Plaintiffs,**           **1:10-cv-784**
                                                    **(GLS/RFT)**

       **v.**

**INV KEVIN WI CONINE** and **WARREN**
**COUNTY SHERIFF'S OFFICE,**

                **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Daniel Faccio
Chastity Faccio
D.F.
A.F.
Pro Se Plaintiffs

P.O. Box 1724
Kingston, NY 12402

**FOR THE DEFENDANTS:**
Lemire, Johnson Law Firm                GREGG T. JOHNSON, ESQ
P.O. Box 2485                                    APRIL J. LAWS, ESQ.
2534 Route 9
Malta, NY 12020

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs *pro se*, Daniel Faccio ("Faccio"), Chastity Faccio, D.F., and A.F., commenced these consolidated actions alleging, among other things, constitutional and statutory violations stemming from their filing of certain welfare applications and the related arrest of Faccio, which occurred as a result of information he provided on those applications. (*See* Compl., Dkt. No. 1, 10-cv-698; Compl., Dkt. No. 1, 10-cv-784.)[1] Pending is defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, alternatively, for summary judgment under Fed. R. Civ. P. 56. (*See* Dkt. No. 29.) For the reasons that follow, the motion, which the court construes

---

[1] By order of Magistrate Judge Randolph F. Treece, case numbers 10-cv-698 and 10-cv-784 were consolidated, with the former designated as the lead case and the latter as the companion case. (*See* Dkt. No. 4, 10-cv-698; Dkt. No. 4, 10-cv-784.) Unless otherwise noted, all citations to the docket shall hereinafter be to that of 10-cv-698.

as a Rule 12(c) motion only,[2] is granted and the complaints are dismissed without prejudice.

## II. Background

### A. Facts[3]

On December 22, 2009, plaintiffs appeared at defendant Warren County Department of Social Services (DSS) in connection with their applications for "medicade [sic], foodstamps, heap, or . . . [other] type[s] of assistance." (Compl. at 1.) Plaintiffs were to meet with defendant T. Dishong, a DSS employee, "about getting some help if [they] qualified." (*Id.*) As a consequence of certain information he provided on plaintiffs' applications, Faccio was arrested by defendant Kevin Wi Conine, an investigator with defendant Warren County Sheriff's Office, and charged with offering a false instrument for filing in the first degree. (*See id.* at 1-2;

---

[2] Because defendants failed to provide notice to plaintiffs regarding the consequences of their failure to respond to the statement of material facts and summary judgment branch of the motion, *see* N.D.N.Y. L.R. 7.1(a)(3), 56.2, the court construes it as only seeking dismissal pursuant to Rule 12(c). It is noted, however, that plaintiffs were provided a *pro se* handbook by the Clerk's Office, (*see* Dkt. No. 3; Dkt. No. 3, 10-cv-784), which includes sufficient notice, *see Pro Se* Handbook, United States District Court for the Northern District of New York 42 (2009), *available at* http://www.nynd.uscourts.gov/documents/Pro_Se_Handbook_2009.pdf., and the court separately provided plaintiffs with the required notice in an order issued after defendants filed their motion. (*See* Dkt. No. 30 at 2-3.)

[3] The facts are drawn from plaintiffs' complaints and presented in the light most favorable to them. (*See* Compl.; Compl., 10-cv-784.)

3

Compl. at 1-2, 10-cv-784.)  Bail was set at "100,000 over 50,000."  (Compl. at 2, 10-cv-784.)  Throughout the complaints, plaintiffs suggest that their welfare applications were wrongly denied because of their race and that Faccio's arrest was similarly racially-motivated.  (*See generally* Compl. at 1-2; Compl. at 2-3, 10-cv-784.)

**B.   Procedural History**

On June 16, 2010, plaintiffs filed the first of their two complaints, (*see* Compl.); on July 1, 2010, they filed the other.  (*See* Compl., 10-cv-784.)  Because the actions arose from "a series of interconnected events," they were eventually consolidated.  (Dkt. No. 4.)  Following joinder of issue, (*see* Dkt. No. 12), and the termination of deadlines for, among other things, discovery, defendants moved to dismiss or, in the alternative, for summary judgment.  (*See* Dkt. No. 29.)  Following plaintiffs failure to timely respond to the motion, this court issued an order directing them to either inform the court of their intention not to respond or file a response to the motion within fourteen days, (*see* Dkt. No. 30), after which plaintiffs filed a response. (*See* Dkt. No. 31.)

### III.  Standard of Review

Motions brought pursuant to Fed. R. Civ. P. 12(c), which permits a

party to move for judgment on the pleadings "[a]fter the pleadings are closed," are evaluated under the same standard applicable to Rule 12(b)(6) motions. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Within that framework, the standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

In support of their motion for judgment on the pleadings or, alternatively, summary judgment, defendants contend that both complaints should be dismissed in their entirety. (*See* Dkt. No. 29, Attach. 15 at 6-16.) Specifically, defendants argue: (1) that, by failing to amend their complaints to "state a valid federal cause of action as against moving defendants and . . . name Warren County as a defendant" in contravention of Magistrate Judge Treece's instruction, plaintiffs have "fail[ed] to invoke the court's subject matter jurisdiction"; (2) even if the court has subject matter jurisdiction, the allegations do not amount to "any cognizable claim of unlawful discrimination under any federal statute"; (3) plaintiffs' failure to contact "the *pro se* office for guidance on revising the fatally defective

5

[c]omplaints" despite the court's instruction do so, requires dismissal under the court's inherent powers; (4) plaintiffs state tort claims must fail because plaintiffs did not satisfy a condition precedent, i.e., filing a timely notice of claim pursuant to N.Y. Gen. Mun. Law § 50-i; (5) summary judgment is appropriate because plaintiffs should have addressed their concerns by commencing a N.Y. C.P.L.R. art. 78 proceeding; (6) a *Monell* claim cannot survive the motion because plaintiffs have not pleaded that "the alleged discriminatory acts were pursuant to a municipal custom or policy"; and (7) Conine and T. Dishong are entitled to qualified immunity. (*Id.*; *see* Dkt. No. 32 at 1-4.)  In response, plaintiffs offer several exhibits—most of which are totally irrelevant[4]—in support of their generic opposition to dismissal. (*See* Dkt. No. 31.)

First, reading the *pro se* complaints together and construing them liberally, as the court must, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), plaintiffs allege facts suggestive of a host of federal and state causes of action. (*See* Compl.; Compl., 10-cv-784.)

---

[4] For example, plaintiffs include a series of letters to and from administrators within the school district attended by plaintiffs D.F. and A.F., a complaint filed by plaintiffs with GFHA regarding alleged discrimination, correspondence between plaintiffs and their landlord and other documents related to an eviction proceeding, public assistance denial notices from Suffolk County Social Services, and various other documents with no apparent connection to this litigation. (*See* Dkt. No. 31, Exs. B-W, A1.)

6

Specifically, plaintiffs aver that their claims are brought "under the Federal Constitution, federal law, the New York Constitution, New York State Law, and the common law." (Compl. at 2; Compl. at 4, 10-cv-784.) It seems, based upon the court's best effort to make sense of their jumbled pleadings, that plaintiffs assert claims pursuant to 42 U.S.C. § 1983, alleging: (1) an equal protection violation; (2) a *Monell* claim; (3) excessive bail; and (4) that Conine was "negligent of [his] civil duties as an officer of the law." (Compl. at 2, 3, 10-cv-784; *see* Compl. at 1-2.) The complaints also indicate potential claims under 42 U.S.C. § 1981 for race-based discrimination, violations of the New York Civil Rights Law and New York Human Rights Law,[5] and intentional infliction of emotional distress. (*See* Compl. at 2; Compl. at 3, 10-cv-784.) The court turns first to the potential federal claims.

### A.     **Federal Claims**

*1.     Section 1983*

42 U.S.C. § 1983 "creates a remedy for violations of federal rights committed by persons acting under color of state law." *Haywood v. Drown*, 556 U.S. 729, ___, 129 S. Ct. 2108, 2111 (2009). As set forth above,

---

[5] *See* N.Y. Exec. Law art. 15.

7

plaintiffs' complaints warrant further investigation of four potential claims under section 1983. For the reasons that follow, however, none are viable.

Plaintiffs first claim discrimination based on race. In pertinent part, the complaints allege that plaintiffs "were set up," "were not helped," and were "brought up on charges" related to their applications for public assistance; moreover they were told by Conine and Dishong "that [they] dont [sic] have money to be helping [plainitffs'] kind." (Compl. at 1; *see generally* Compl., 10-cv-784.) The essence of these claims seems to be that: (1) defendants denied the applications because of racial animus and/or (2) the arrest of Faccio resulted from some nefarious racially-motivated purpose. Neither theory survives defendants' motion for judgment on the pleadings.

As applicable here, to establish a violation of the Equal Protection Clause, "a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination" and "that the disparity in treatment cannot survive the appropriate level of scrutiny." *Phillips v. Girdich*, 408 F.3d 124, 129 (2005). Thus, the plaintiff must plead that other similarly situated individuals—who are outside of the protected class to which the plaintiff belongs—have been

8

treated differently so that discriminatory motive may be inferred. *See Brisbane v. Milano*, 443 F. App'x 593, 594-595 (2d Cir. 2011).

Here, plaintiffs have not properly alleged that other similarly situated individuals were treated differently by any defendant. Instead, the complaints, in conclusory fashion, merely assert that defendants are "racist and prejudice [sic] against [plaintiffs]." (Compl. at 3, 10-cv-784; *see* Compl. at 2.) Further, it is clear from the complaints that any injury caused by the arrest was suffered only by Faccio, who is, according to the complaints, the only plaintiff that was arrested.[6] (*See* Compl. 1-, 10-cv-784.) For these reasons, this claim must be dismissed.

Next, plaintiffs allege "negligent of [sic] supervision of staff and others," a potential *Monell* claim.[7] (Compl. at 2.) A municipality may be liable for the constitutional violations of its employees provided that any such violations occurred pursuant to an official policy or custom. *See Mayo v. Cnty. of Albany*, No. 07-cv-823, 2009 WL 935804, at *2 (N.D.N.Y. Apr. 3, 2009); *see also Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978). A successful claim of municipal liability under section 1983,

---

[6] This is true despite plaintiffs' nonsensical claims that DSS "charged [the] family with a crime *we* did not wish to commit" and "lied to get *us* arrested." (Compl. at 2 (emphasis added).)

[7] *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978).

9

therefore, requires the plaintiff "'to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" *Zherka v. City of New York*, No. 10-5059-cv, 2012 WL 147914, at *1 (2d Cir. 2012) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)).

Assuming, without deciding, that plaintiffs' failure to name the County of Warren is not fatal to this potential claim,[8] *see, e.g.*, *Tulloch v. Erie Cnty. Holding Ctr.*, No. 10-CV-0207S, 2011 WL 2609054, at *2 (W.D.N.Y. June 24, 2010), by making "no factual allegations that would support a plausible inference that the [County's] 'policies' or 'customs' caused [any] violation[] of [plaintiffs'] rights," plaintiffs have failed to state a *Monell* claim. *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009). Neither complaint makes any reference to a policy or custom on the part of the County, DSS, or the Sheriff's Office, and plaintiffs do not contend that Conine or Dishong were policymakers whose actions could impose liability on the County. *See id.*; *Berry v. Village of Millbrook*, No. 09-CV-04234, 2011 WL 4445636, at *9 (S.D.N.Y. Sept. 26, 2011) Thus, this claim fails and must be

---

[8] The court makes this assumption based upon the fact that two arms of the County—DSS and the Sheriff's Office—were named as party defendants.

10

dismissed.

Plaintiffs next claim "that Inv Conine should be investigated for racism, prejudice, becouse [sic] of his actions i [sic] was incarcerated for 3 months with a bail of 100,000 over 50,000." (Compl. at 2, 10-cv-784.) The complaint in the companion case, apparently authored by Faccio,[9] then claims that "bail [was] so extreme." (*Id.*) While these allegations again are specific to Faccio and it is difficult to discern how, if at all, the other plaintiffs were harmed from such a violation, no viable claim was pleaded in any event. This is so because plaintiffs failed to allege that any defendant played a role in setting bail, a necessary element of an excessive bail claim. *See Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974); *Hansel v. Sheridan*, 991 F. Supp. 69, 77 (N.D.N.Y. 1998).

As set forth above, plaintiffs also allege that Conine was "negligent of [his] civil duties as an officer of the law." (Compl. at 3, 10-cv-784.) This semblant claim warrants only summary analysis because a cause of action under section 1983 involving alleged racial discrimination cannot stand if premised upon only the mere negligence of a state official. *See Daniels v.*

---

[9] The complaint in the companion case is written mostly in the first person, apparently by Faccio, (*see generally* Compl., 10-cv-784), while the lead case complaint contains a single reference to "my" and is otherwise written on behalf of all plaintiffs. (*See generally* Compl.)

11

*Williams*, 474 U.S. 327, 330-31 (1986); *see also Shannon v. Jacobowitz*, 394 F.3d 90, 94 (2d Cir. 2005).  Thus, plaintiffs have failed to state a claim as to Conine's purported negligence.

    2.    *Section 1981*

To the extent that the complaints can be construed as alleging facts suggestive of purposeful discrimination based on race pursuant to 42 U.S.C. § 1981, for the same reasons that a section 1983 claim alleging a violation of the Equal Protection Clause fails, it is also untenable.  Indeed, "[s]ection 1981 also prohibits only intentional racial discrimination, and thus has the same pleading standards as the Equal Protection Clause." *Brisbane*, 443 F. App'x at 594.  In light of the foregoing conclusion that neither complaint—when read liberally alone or together—sufficiently establishes an Equal Protection Clause violation, it is clear that plaintiffs have not alleged a viable section 1981 claim.

**B.**     **<u>State Claims</u>**

Inasmuch as the court can muster from the complaints any causes of action under state law, it declines to exercise supplemental jurisdiction over them.  "Although a federal court has discretion to retain jurisdiction over state law claims after the dismissal of the federal claims that created

original jurisdiction, 'where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.'" *Clark v. Dominique*, 798 F. Supp. 2d 390, 408 (N.D.N.Y. 2011) (quoting *Klein & Co. Futures, Inc. v. Bd. of Trade of New York*, 464 F.3d 255, 262 (2d Cir. 2006)).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for judgment on the pleadings or, alternatively, summary judgment (Dkt. No. 29) is **GRANTED** and all claims against defendants are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the plaintiffs by regular and certified mail and to the defendants in accordance with the local rules.

**IT IS SO ORDERED.**

March 26, 2012
Albany, New York

*[signature]*
Gary L. Sharpe
Chief Judge
U.S. District Court